UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| CHERYL E. STREMMING )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>AZTAR INDIANA GAMING )<br>COMPANY, LLC d/b/a )<br>TROPICANA CASINO and )<br>CAVANAUGH'S RESTAURANT )<br>)<br>    Defendant. ) | Cause No.: 3:16-cv-197 |

**COMPLAINT FOR DAMAGES**
**(Demand for Trial by Jury)**

Comes now the Plaintiff, Cheryl E. Stremming ("Plaintiff" or "Stremming"), by counsel, and for her causes of action against the Defendant, Aztar Indiana Gaming Company, LLC doing business as Tropicana Casino and Cavanaugh's Restaurant (collectively referred to as "Defendant" or "Cavanaugh's"), states as follows:

I.
NATURE OF THE CASE

1. This action is brought pursuant to the provisions of Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C. §§ 2000e *et. seq.*, for employment discrimination.

## II.
## PARTIES

2. At all times relevant hereto, Plaintiff resided in the City of Newburgh, State of Indiana.

3. Defendant Aztar Indiana Gaming Company, LLC doing business as Tropicana's Casino and Cavanaugh's is a domestic, for-profit limited liability company organized under the laws of the State of Indiana. Defendant has a registered agent in Indiana, CT Corporation System and, at all times relevant hereto, did business in the City of Evansville, State of Indiana.

4. At all times relevant hereto, Defendant did business within the geographic boundaries of the Southern District of Indiana.

## III.
## JURISDICTION AND VENUE

5. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343 and 42 U.S.C. § 2000e-5(f)(3).

6. At all times relevant hereto, Plaintiff was an "employee" as that term is defined by 42 U.S.C. § 2000e(f).

7. At all times relevant hereto, Defendant was an "employer" within the meaning of 42 U.S.C. § 2000e(b).

8. The Defendant was engaged in commerce within the meaning of 42 U.S.C. § 2000e(g).

9. Plaintiff satisfied her obligation to exhaust her administrative

remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (EEOC) against Defendant. This Charge was docketed as No. 470-2016-00730. A Copy of this Charge is attached hereto as Exhibits "A".

10. On August 17, 2016, the EEOC issued a Notice of Right-to-Sue on Charge No. 470-2016-00730. A Copy of this Notice is attached hereto as Exhibit "B".

11. All events pertinent to this lawsuit have occurred in the Southern District of Indiana, thus venue in this Court is proper.

## IV.
## FACTUAL ALLEGATIONS

12. Plaintiff Stremming, a fifty-one (51) year old female, began working for Defendant, Aztar Indiana Gaming Company, LLC on or about February 17, 2015.

13. At the time of her hire, Stremming's job title was that of "server." In that capacity, Plaintiff Stremming's job duties included waiting on tables, polishing silverware and preparation work for patrons' dining.

14. Her rate of pay, at the time of her hire as well as at the end of her employment, was $4.25 per hour plus tips. On an average week, Plaintiff Stremming worked approximately ten to twenty (10-20) hours.

15. During her employment with Defendant, Plaintiff Stremming worked at Defendant's restaurant, Cavanaugh's, located at 421 NW Riverside Drive in the City of Evansville, State of Indiana.

16. At all times relevant hereto, Plaintiff Stremming met or exceeded Defendant's performance expectations.

17. However, shortly after the beginning of her employment, Plaintiff Stremming's co-worker and busser, Petros ("Petros"), began to verbally and physically harass Plaintiff Stremming. Without question, Petros created a sexually charged and hostile work environment.

18. There were also other male employees, such as Hovie (busser), Jeff (cook) and Charles (cook), that verbally harassed Plaintiff Stremming and Mike (server) who harassed Plaintiff Stremming verbally as well as physically.

19. The harassment and work environment was both pervasive and severe.

20. Because the harassment occurred so often, it is impractical to list all instances of harassment. However, examples of the harassment and hostile work environment that Plaintiff Stremming endured included, without limitation, the following:

    a. Petros hugged Plaintiff Stremming;
    b. Petros smacked Plaintiff Stremming's bottom;
    c. Petros pulled on Plaintiff Stremming's ponytail;
    d. Petros grabbed Plaintiff Stremming's breast and asked Plaintiff Stremming: "Are they real? They are nice;"
    e. Petros leaned on the front of Plaintiff Stremming's body and while touching her with his penis, made sexual moves on her;
    f. Petros grabbed Plaintiff Stremming's vaginal area;
    g. Petros told Plaintiff Stremming: "You have a beautiful ass, I'd like to get into that;"
    h. Petros told Plaintiff Stremming: "I bet you are good;"
    i. Petros made sexual oral gestures and told Plaintiff Stremming she "tasted good;"
    j. Petros made sexual noises at Plaintiff Stremming;
    k. Petros told Plaintiff Stremming: "Let me finger you;"
    l. Petros told Plaintiff Stremming: "Give me your pussy;"

4

      m.    Petros told Plaintiff Stremming: "Come sit on my lap;"
      n.    Petros told Plaintiff Stremming: "You wanna ride daddy?"
      o.    Petros told Plaintiff Stremming: "When are you going to fuck my nephew? He really likes you;"
      p.    Hovie told Plaintiff Stremming: "Let's get a hotel;"
      q.    Hovie told Plaintiff Stremming: "I like being with older women;"
      r.    Hovie told Plaintiff Stremming: "I bet you are good;"
      s.    Mike told Plaintiff Stremming: "You have a nice ass" and smacked it;
      t.    Mike kissed Plaintiff Stremming on her cheek;
      u.    Jeff and Charles told Plaintiff Stremming: "You have a nice ass, we like to get into that."

21.    Sergey Malkin, Plaintiff Stremming's co-worker, witnessed the harassment.

22.    The harassment described herein was unwelcome.

23.    Indeed, Plaintiff Stremming complained of the harassment on numerous occasions.

24.    Plaintiff Stremming reported Petros' and the other co-workers' behavior to her direct supervisor, Giary.

25.    Giary then asked Plaintiff Stremming and Sergey to report the situation to the HR.

26.    As such, on or about November 13, 2015, Giary, Sergey and Plaintiff Stremming met with the HR representatives, Kara Guerry and Leah Schutte.

27.    Plaintiff Stremming and Sergey provided statements to HR regarding the harassment. The HR representatives told Plaintiff Stremming: "Petros is very liked here," "[w]e don't believe he would do this," and "[t]his has never happened before."

5

28. Further, Respondent did not get back with Plaintiff Stremming about her complaints and Plaintiff Stremming was not informed of any investigation regarding Petros' and the other co-workers' harassment.

29. Instead, Respondent only provided Plaintiff Stremming with a letter alleging Plaintiff Stremming was unable to provide proof.

30. After Plaintiff Stremming had complained, Petros confronted Plaintiff Stremming about her reporting him and Defenant began to treat Plaintiff Stremming differently and Plaintiff Stremming experienced retaliation for reporting said harassment.

31. Specifically, Plaintiff Stremming was given more work and not provided enough help. Plaintiff Stremming was given more hours (despite her only wanting to work part-time) and her co-workers (especially hostess, bussers, servers and even management) refused to help her.

32. Plaintiff Stremming became emotionally upset and could not handle the harassment, discrimination and retaliation anymore. Plaintiff Stremming experienced severe headaches, anxiety, insomnia, high blood pressure, nausea and depression.

33. As such, Plaintiff Stremming was constructively discharged as of November 30, 2015.

34. Plaintiff suffered physically, emotionally and financially because of the harassment and retaliation. Indeed, Plaintiff has lost wages and other tangible employment benefits as a result of Defendant's conduct.

35. Defendant violated Plaintiff's rights as protected by Title VII of the Civil Rights Act of 1964, as amended and Defendant retaliated against Plaintiff for engaging in a protected activity in violation of Title VII of the Civil Rights Act of 1964, as amended.

## V.
## CAUSES OF ACTION

**First Cause of Action**
**Title VII – Sexual Harassment/Sex Discrimination Claim**

36. Plaintiff hereby incorporates by reference the material allegations contained in Paragraphs 1 – 35 above.

37. Plaintiff was sexually harassed, subjected to a hostile work environment that was severe and pervasive, and subjected to different terms and conditions of her employment on the basis of her sex, female.

38. Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et. seq*.

39. Defendant's actions were willful, intentional, and done with reckless disregard for Plaintiff's civil rights.

40. Plaintiff has suffered injuries and damages as a result of Defendant's unlawful actions.

## Second Cause of Action
## Retaliation

41. Plaintiff hereby incorporates by reference the material allegations contained in Paragraphs 1 – 35 above.

42. Plaintiff engaged in protected activity by opposing and refusing advances made by Petros and the other co-workers, and by reporting the sexual harassment.

43. Defendant retaliated against Plaintiff for engaging in protected activity.

44. Plaintiff was subjected to different terms of employment almost immediately after she refused the sexual advances made by Petros and the other co-workers and after she complained. Ultimately, Plaintiff's employment was terminated.

45. Defendant's actions were willful, intentional, and done with reckless disregard for Plaintiff's civil rights.

46. A causal connection exists between Plaintiff engagement in protected activity, the change in Plaintiff's employment terms and Plaintiff's discharge.

47. Defendant's actions for retaliating against Plaintiff for engaging in protected activity were in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et. seq*.

48. Plaintiff has suffered injuries and damages as a result of Defendant's unlawful actions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, by counsel, respectfully requests that this Court find for Plaintiff and:

A.    Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against any employee on the basis of his/her sex or retaliates for complaining of a discriminatory employment policy or practice;

B.    Award the Plaintiff back pay and other lost wages;

C.    Reinstate the Plaintiff to her former position or award front pay in lieu thereof;

D.    Award the Plaintiff compensatory damages;

E.    Award the Plaintiff damages to her professional reputation;

F.    Award the Plaintiff compensation for the loss of Plaintiff's employment benefits;

G.    Award the Plaintiff punitive damages;

H.    Award the Plaintiff her attorney's fees, litigation expenses, and costs incurred as a result of this action;

I.    Award the Plaintiff pre- and post-judgment interest on all sums recoverable;

J.    Award the Plaintiff compensation for humiliation, embarrassment and emotional suffering; and

K.    Grant such other relief as may be just and proper.

Respectfully submitted,

*/s/ Karolina Viehe*
Lane C. Siesky, Atty. No. 21094-53
Karolina Viehe, Atty. No. 30894-82
SIESKY & VIEHE, PC
4424 Vogel Rd., Suite 305
Evansville, Indiana 47715
Telephone: (812) 402-7700
Fax: (812) 402-7744
lane@sieskylaw.com
karolina@sieskylaw.com
ATTORNEYS FOR PLAINTIFF

RESERVATION OF RIGHTS

Pursuant to the rules of pleading and practice, Plaintiff Stremming reserves the right to assert additional violations of Federal Law and to assert violations of State Law.

*/s/ Karolina Viehe*
Lane C. Siesky, Atty. No. 21094-53
Karolina Viehe, Atty. No. 30894-82
SIESKY & VIEHE, PC
4424 Vogel Rd., Suite 305
Evansville, Indiana 47715
Telephone: (812) 402-7700
Fax: (812) 402-7744
lane@sieskylaw.com
karolina@sieskylaw.com
ATTORNEYS FOR PLAINTIFF

<u>JURY DEMAND</u>

Plaintiff Stremming demands trial by jury on all counts of this Complaint.

*/s/ Karolina Viehe*
Lane C. Siesky, Atty. No. 21094-53
Karolina Viehe, Atty. No. 30894-82
SIESKY & VIEHE, PC
4424 Vogel Rd., Suite 305
Evansville, Indiana 47715
Telephone: (812) 402-7700
Fax: (812) 402-7744
lane@sieskylaw.com
karolina@sieskylaw.com
ATTORNEYS FOR PLAINTIFF
